UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
THIRD DIVISION

UNITED STATES OF AMERICA,                                        Criminal No. 06-309 JNE/AJB

        Plaintiff,

v.                                                               **REPORT AND RECOMMENDATION**

MAURICE LEE McFARLAND,

        Defendant.

    LeeAnn K. Bell, Esq., Assistant United States Attorney, for the plaintiff, United States of America;

    Paul C. Engh, Esq., and Aaron Morrison, Esq., for defendant, Maurice Lee McFarland.

    This action came on for hearing before the Court, Magistrate Judge Arthur J. Boylan, on October 13, 2006, at the U.S. Courthouse, 300 South Fourth St., Minneapolis, MN 55415. The Court issued an Order on Motions dated October 16, 2006, reserving defendant McFarland's Motion to Suppress Evidence of Search and Related Seizures [Docket No. 16] and Motion to Suppress Statements [Docket No. 17] for submission to the District Court on report and recommendation.

    Based upon the file and documents contained therein, along with testimony and an exhibit received at hearing, the Magistrate Judge makes the following:

**Findings**

    Minneapolis Police Officers John Ochs and Mark Bohnsack were on patrol duty in the vicinity of Fairview Park during the early evening on August 26, 2006. The officers were proceeding

1

north on Lyndale Ave. at approximately 6:00 p.m. when they observed defendant Maurice McFarland seated on a park bench with several other individuals.  The officers recognized Mr. McFarland and took note of his presence as a result of previous encounters, including arrests for misdemeanor driving offenses.  They did not specifically know whether or not the defendant had a felony record, but believed that he might be a felon.  Officer Ochs also recognized other persons in the group, though except for Marcus Rudolph, who was familiar to both officers as a result of driving and narcotics arrests, Ochs could not identify the other individuals by name.  In addition, there were other groups and individuals in the park, including children playing by a pool.  The officers continued to proceed north and did not stop at the park at that time.

At approximately 6:30 p.m. Officers Ochs and Bohnsack were headed south on Lyndale Ave. and decided to drive through the park to check on Mr. McFarland and the group that they had seen with him just a short time earlier.  Defendant was again observed, seated at a picnic table with three other males and two females.  McFarland and the others were initially seen from a distance of approximately 100 feet.  After spotting the subjects the officers somewhat surreptitiously went around a park building, drove onto a park path, and thereafter proceeded to drive over the lawn to get closer to the group.  As the officers neared the table someone said "popo," a slang term for police.  Officer Ochs was approximately 20 to 25 feet from the defendant when he observed Mr. McFarland stand up, place a gun on the picnic table, and walk away from the scene.  The other individuals likewise began walking away when they saw the officers.  Officer Ochs did not observe any individuals other that the defendant handling the gun. Not wishing to become involved in a foot chase, the officers remained near the gun and called another police squad to assist.  The defendant was stopped and

2

arrested by Officer Brandt shortly thereafter.  Following his arrest defendant McFarland provided audio-recorded statements to law enforcement officers which were made after the defendant was advised of his rights under Miranda  (Hearing Exh. No. 1).

Based upon the foregoing Findings, the Magistrate Judge makes the following:

**Conclusions**

**Stop and Arrest.**  Suppression of evidence obtained as a result of defendant Maurice Lee McFarland's stop and arrest on August 26, 2006, is not required.  Defendant argues that probable cause for stop and arrest was lacking because officers did not know with certainty whether or not he was a felon and there was no evidence that the firearm was being carried without a permit.  Minn. Stat. § 624.714, subd. 1b requires that permit holders have their permit card and identification in their immediate possession when carrying a pistol.  Mr. McFarland was observed handling the gun and was further seen setting the gun down and walking away from it after being alerted to the presence of officers.  Under the totality of circumstances in this instance officers had probable cause to believe that a crime had been committed by the defendant.  In addition, certain required documents must be produced upon lawful demand by a law enforcement officer and defendant makes no affirmative showing that he had a valid gun carry permit.  See State v. Paige, 256 N.W.2d 298, 302-03 (1977)(burden is not on the State to prove absence of a permit to carry a gun as an element of the offence.)  Officers were authorized to stop defendant to determine whether he had a gun carry permit without regard to whether he was known to be a felon.  In essence, reasonable suspicion existed to justify stopping the defendant from the moment he was seen holding a gun, and probable cause for Mr. McFarland's arrest was established when he was observed behaving in a manner that was wholly

inconsistent with lawful possession of a firearm. Defendant's motion to suppress evidence based upon an unlawful stop and arrest should be denied.

**Statement.** Suppression of statements made by defendant Maurice Lee McFarland to law enforcement authorities is not required. The oral interview statements (Hearing Exh. No. 1) were made while defendant was under arrest and were therefore custodial, but the defendant was advised of his rights under <u>Miranda</u> prior to making the statements[1] and the statements were provided voluntarily. The statements were not the result of promises, threats, or coercion and were not otherwise obtained in violation of Mr. McFarland's constitutional rights, including the right to counsel and the right to remain silent. Furthermore, defendant's statement's were not the fruit of an unlawful arrest.

Based upon the foregoing Findings and Conclusions, the Magistrate Judge makes the following:

## RECOMMENDATION

The Court **hereby recommends** that:

1. Defendant Maurice Lee McFarland's Motion to Suppress Evidence of Search and Related Seizures be **denied** [Docket No. 16]; and

2. Defendant Maurice Lee McFarland's Motion to Suppress Statements be **denied** [Docket No. 17].

---

[1] On the court's copy of the CD recording the substance of the interview is largely unintelligible. However, the <u>Miranda</u> warning and the defendant's vocal recognition of each of the rights is discernable on the recording. The recording also contains no apparent evidence of threats, promises or coercion by officers to induce statements from the defendant..

Dated:   October 26, 2006

   s/ Arthur J. Boylan
Arthur J. Boylan
United States Magistrate Judge

     Pursuant to Local Rule 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties, written objections which specifically identify the portions of the Report to which objections are made and the bases for each objection.  This Report and Recommendation does not constitute an order or judgment from the District Court and it is therefore not directly appealable to the Circuit Court of Appeals.  Written objections must be filed with the Court before November 8, 2006.

     Unless the parties stipulate that the District Court is not required by 28 U.S.C. § 636 to review a transcript of the hearing in order to resolve all objections made to this Report and Recommendation, the party making the objections shall timely order and file a complete transcript of the hearing within ten days of receipt of the Report.